THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARCIAL MONTERO NÚÑEZ, Defendant and Appellant.

No. CR-63-226.     Decided June 30, 1964.

*William Morales Torres* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: Appellant was charged with a violation of the Bolita Act (No. 220 of May 15, 1948, Sess. Laws, p. 738), and the undercover agent testified that on January 23, 1962, in Villalba, at 10:30 a.m., he purchased from appellant number 771-10 for which he paid $2 and appellant gave him a small piece of rag paper.

The agent informed these facts to the district attorney on September 12, 1962, eight months later, and the information was filed on November 6, 1962. At the request of the district attorney in the course of the trial, the agent insisted time and again that the transaction had been car-

ried out at 10:30 a.m. of January 23, 1962, placing emphasis on the hour.

The evidence shows that a few days after the transaction in question the undercover agent ceased as such and continued in the service as a policeman in the same town of Villalba, and he testified that he never had contact again with appellant. The agent did not explain for the record why eight months elapsed without submitting the matter to the district attorney. Notwithstanding the delay, the record does not show that appellant was placed at a disadvantage as to his evidence.[1]

Appellant introduced evidence consisting of the testimony of a physician, who testified that in the morning and at the hour when the transaction was carried out, according to the undercover agent, appellant was in his office in Juana Díaz receiving medical treatment, having been given a vertril injection and other medication for a condition of obstruction and renal calculus which rendered difficult the secretion of urine and caused him much pain. The physician testified that there was a medical record in his office of that treatment, given on that date, as well as the other details described by him, and that he examined the record before testifying. He also testified that that day he arrived in his office at 10:00 a.m., and that the examination and treatment of appellant lasted about 45 minutes. The parties stipulated that in order to go from Juana Díaz to Villalba, it takes not less than 30 minutes on the fastest route.

We are not going to invade the field which ordinarily corresponds to the trial judge as to the weighing of the evidence. It is possible that the transaction referred to by the undercover agent took place at some time. However,

---

[1] Although it is an admitted fact that an immediate arrest destroys the work of an undercover agent, the legislative provision to the effect that any person who violates the provisions of the Bolita Act shall be arrested immediately, still exists and has not been changed.

under the circumstances of this case, the evidence of what was happening on that day of January 23, at 10:30 a.m., as introduced by appellant, is more trustworthy and has more weight than the recollection of the undercover agent eight months later. He could have written the date of the occurrence on the small piece of paper with the bolita number which appellant allegedly gave him.

Considering the evidence as a whole, the same does not support the conviction of appellant with the degree of sufficiency necessary to overcome the presumption of innocence to which he is entitled.

The judgment of conviction will be reversed and appellant acquitted.